IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Susan Nordstrom, an individual, | CV 18-02880-PHX-MHB |
| Plaintiff, | **ORDER** |
| vs. |  |
| Anderson Security Agency, Ltd., an Arizona corporation; Kent Oberhelman, an individual, |  |
| Defendants. |  |

On August 16, 2018, Plaintiff Susan Nordstrom filed a Complaint in Maricopa County Superior Court alleging sexual harassment and retaliation under Title VII and the Arizona Employment Protection Act. Plaintiff Susan Nordstrom alleges that she was sexually harassed by a co-worker, and that she was fired in retaliation for reporting it. The matter was subsequently removed to this Court on September 13, 2018.

On March 6, 2020, Defendant Anderson Security Agency, Ltd. ("Defendant" or "ASA"), moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] ASA argues that it was not negligent in preventing sexual harassment and Plaintiff was lawfully terminated after Plaintiff repeatedly refused to cooperate in ASA's investigation into complaints about her by coworkers and ASA's investigation of Plaintiff's belated harassment complaint.

---

[1] Pursuant to a stipulation between the parties, Defendant Kent Oberhelman was dismissed from the matter on February 26, 2020.

ASA contends that Plaintiff's claims cannot survive summary judgment because there is no evidence that ASA was negligent in preventing or correcting sexual harassment by one of Plaintiff's co-workers; and there is also no evidence that Plaintiff suffered an adverse action because she complained. ASA asserts that Plaintiff's uncorroborated and self-serving statements are insufficient to create a material issue of fact to allow her claims to survive summary judgment. To date, Plaintiff has failed to file a response.[2]

Having reviewed the entire record, the Court finds that the uncontroverted papers of Defendant are sufficient to support its assertions set forth in its Motion. The Court, therefore, finds the granting of Defendant's Motion for Summary Judgment appropriate on the merits.

Further, Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion, and the opposing party "does not serve and file the required answering memoranda, ... such non-compliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). The Court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion. See United States v. Real Property at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995), rev'd on other grounds sub nom. Degen v. United States, 517 U.S. 820 (1996). Accordingly, the Court finds that the granting of Defendant's Motion for Summary Judgment is appropriate in this instance.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 60) is **GRANTED**;

\\\

\\\

\\\

\\\

---

[2] The Court issued a Notice and Warning to Plaintiff pursuant to Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998), on March 12, 2020, requiring that Plaintiff file her response with a separate statement of facts and supporting affidavits or other appropriate exhibits, no later than April 13, 2020.

**IT IS FURTHER ORDERED** denying Defendant's Motion for Summary Disposition (Doc. 66) as moot;

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

DATED this 6th day of May, 2020.

_____
Honorable Michelle H. Burns
United States Magistrate Judge